```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF OKLAHOMA
```

JAMES ROASTINGEAR,            )
                              )
            Plaintiff,        )
                              )
v.                            )     Case No. CIV-15-313-JHP-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff James Roastingear (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 16, 1966 and was 49 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past as a poultry plant laborer. Claimant alleges an inability to work beginning September 1, 2006 due to limitations resulting from degenerative disc disease, diabetes, left shoulder weakness, hearing loss, depression, and hand limitations due to past

3

fractures.

**Procedural History**

On May 17, 2010, Claimant protectively filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. Upon appeal to this Court, the case was remanded for further proceedings on September 23, 2014.

On remand, ALJ Lantz McClain conducted a hearing by video on April 27, 2015 with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On June 5, 2015, the ALJ issued an unfavorable decision. This appeal resulted. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to conduct a proper credibility determination; (2) reaching an erroneous RFC; and (3) failing to fully develop the record.

**Credibility Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, diabetes mellitus, history of left shoulder weakness, hearing loss in the right ear, and depression. (Tr. 341). The ALJ concluded that Claimant retained the RFC to perform sedentary work. In so doing, the ALJ found Claimant could occasionally lift/carry up to 10 pounds and frequently lift/carry up to 10 pounds; stand/walk at least two hours in an eight hour workday; and sit at least six hours in an eight hour workday. Claimant should not work in extremely loud environments and must avoid work above shoulder level. The ALJ determined Claimant could perform simple, repetitive tasks, relate to supervisors and co-workers only superficially and could not work with the public. (Tr. 343). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of document preparer, addresser, and paramutual ticket checker, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 353). As a result,

the ALJ found Claimant was not disabled since May 17, 2010, the date the application was filed. Id.

Claimant first contends the ALJ failed to engage in a proper evaluation of his credibility. Claimant testified at the latest hearing that he lives in a house in Sallisaw, Oklahoma with his older sister and children. His only income is from the Cherokee Nation from family services. (Tr. 366). Claimant has not worked since 2010. (Tr. 367). Claimant currently takes Methadone for pain as prescribed to him with no side effects. At one time, Claimant took morphine for his back pain. These medications made him forget about the pain and dulls the pain but it doesn't go away. (Tr. 368). Claimant also takes medication for high blood pressure, "nerves", which also helps him sleep, and for cholesterol. His health treatment is paid through the Cherokee Nation. (Tr. 369).

Claimant has also received steroid epidural injections, which last for a couple of weeks to numb the back pain. He is limited to two injections per year. (Tr. 370).

Claimant's left shoulder doesn't cause him pain but it is like something tore in it and it dropped. Claimant has no issues with his right shoulder and arm. Claimant stated his right leg stays numb all the time, making it hard to walk. He drags it and limps

6

when he walks. He has had this condition for two or three years. (Tr. 371). He does not use a cane or walker. Doctors have not told him they can do anything about this problem. (Tr. 372).

Claimant was sitting at the hearing and had to stand up due to lower back pain. Id. He sometimes drives to go to the store, although he does not own a car. He estimates he can stand for five to ten minutes at the most. He changes position to "shift the pain." (Tr. 373). Claimant also estimated he could pick up a 20 pounds bag of rice a single time with each arm. (Tr. 374-75).

Claimant also stated he has problems hearing in his right ear due to nerve damage. The condition has existed his entire life. He also suffers from arthritis. (Tr. 375).

Claimant testified that there are days where he has to stay in the bedroom due to the pain in his lower back. He takes medication that helps but doesn't take the pain away. (Tr. 376). Claimant believes his lower back pain keeps him from working. (Tr. 377). This condition distracts him from paying attention. He socializes with one friend but does not participate in any activities or clubs on a regular basis. (Tr. 378).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor

recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ found Claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision", a wholly unhelpful boilerplate statement. (Tr. 345). Later in the decision, however, the ALJ finds Claimant was not "a fully credible witness after careful review of all evidence/testimony and based on substantial evidence present in the record. The undersigned shall proceed to analyze which portions he finds worth (sic) of belief, and which portions [are] not." (Tr. 350). The ALJ then methodically proceeds to cite the applicable legal standards for evaluating credibility, analyze Claimant's activities of daily living which are inconsistent with Claimant's testimony, and proceed through the medical record finding conflicts with the level of limitation to which Claimant testified concerning the location, duration, frequency, and intensity of his pain. He also cites the effects of medication taken by Claimant, the effects of his hearing problems, factors that aggravate Claimant's symptoms, and the treatment record which conflicts with the extent of Claimant's stated limitations. (Tr. 350-52). The discussion contains thoughtful reasoning and careful consideration of the record. No

error is found in this credibility analysis.

## RFC Determination

Claimant contends the ALJ inadequately considered the limitations upon Claimant's persistence and pace and hand restrictions in arriving at the RFC. Claimant cites to neither medical evidence nor functional source statements which would support such additional restrictions. Claimant essentially cites the conditions and assumes a limitation exists which should be reflected in the RFC. Even Claimant's stark references to the medical record do not contain evidentiary support for Claimant's assertions of limitation. Without providing specific references to the record to support these restrictions, Claimant's assertions are not meritorious. This Court is not obligated to ferret out a foundation for Claimant's arguments. The ALJ did not err in his RFC determination.

## Duty to Develop the Record

Claimant contends the "ALJ in this case failed to fully develop the record, and the Appeals Council in this case should have remanded the case for further development" because additional evidence was needed. Claimant fails to identify specific evidence missing from the record or which should have been obtained. This argument itself fails for lack of development.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE